**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-0005** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **DANIEL RODRIGUEZ** | : | |

**MEMORANDUM**

The court held a suppression hearing in the above-captioned case on June 13, 2012.  On September 5, 2012, the court denied defendant Daniel Rodriguez's ("Rodriguez") motion (Doc. 21) to suppress evidence.  (Doc. 45).  On February 19, 2013, the court granted Rodriguez's motion (Doc. 74) to re-open the record to consider after acquired evidence.  (Doc. 75).  The court conducted a hearing to consider this new evidence on March 27, 2013.  Rodriguez filed a supplemental brief in support of his suppression motion on April 30, 2013.  (Doc. 89).  Rodriguez asserts that, in light of the new evidence establishing inconsistencies in the testimony of Officers Arlon Schools and Jeffrey LeVan, the court is obligated to discredit their testimony and grant Rodriguez's suppression motion.  For the following reasons, the court will confirm its denial of the motion.

## I.    Factual Background and Procedural History

The court refers the parties to the court's findings of fact and recitation of procedural history contained within its memorandum (Doc. 45) denying Rodriguez's suppression motion.  None of the court's findings of fact are altered by Rodriguez's introduction of new evidence.

In summary, on April 2, 2011, Officer Arlon Schools ("Officer Schools") of the Pennsylvania State University - Harrisburg ("PSU") campus police was returning to PSU's campus when he observed Rodriguez driving erratically in Highspire Borough. Officer Schools communicated his observations to Officer Jeffrey LeVan ("Officer LeVan") of the Highspire Borough Police Department, who authorized Officer Schools to conduct a traffic stop. Officer Schools conducted the traffic stop in Lower Swatara, within 500 yards of the PSU campus. Officer LeVan arrived approximately one to two minutes later. After observing Rodriguez's behavior, Officer LeVan placed Rodriguez under arrest for driving under the influence of a controlled substance. Officer LeVan subsequently searched the vehicle and seized suspected marijuana, suspected cocaine, a loaded .40 caliber semiautomatic firearm, a digital scale, and $500 in U.S. currency.

On January 11, 2012, a grand jury returned a two-count indictment against Rodriguez charging him with: (1) possession with intent to distribute approximately 57 grams of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm and ammunition during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Doc. 1). In his suppression motion, Rodriguez asserted that Officer Schools lacked jurisdiction to stop Rodriguez's vehicle. (Doc. 21). Rodriguez also alleged that Officer LeVan did not possess sufficient probable cause to search his vehicle. (Id.) The court determined that, pursuant to 71 P.S. § 646.1(a)(6), Officer Schools conducted the stop within his primary jurisdiction because it took place within 500 yards of the

2

PSU campus. (Doc. 45). The court also reasoned that even if Officer Schools was not in his primary jurisdiction, he obtained statewide municipal police jurisdiction, pursuant to 42 Pa. C.S.A. § 8953(a)(3), when Officer LeVan requested the stop after Officer Schools relayed his observations of the vehicle. (Id.) Finally, the court determined that Officer LeVan possessed sufficient probable cause to justify the issuance of a search warrant for the vehicle. (Id.)

At the initial evidentiary hearing held on June 13, 2012, Officer Schools testified that he first observed Rodriguez's vehicle after refueling at the Royal Mart in Highspire Borough. (Doc. 50 at 11). Officer LeVan corroborated this account by stating that he observed Officer Schools refueling at the Royal Mart while he was making a traffic stop across the street at 4:16 a.m. (Id. at 74-76). The purpose of the second hearing was to admit a gas receipt showing that Officer Schools purchased gasoline at 12:47 a.m. on April 2, 2011, not at 4:16 a.m. (Doc. 86, at 8). At the second hearing, Officer Schools explained the discrepancy by claiming that he "made a mistake" and "was probably getting a coffee or a snack" instead. (Id. at 10-11). Officer LeVan explained that he believed Officer Schools was refueling because his vehicle was "parked adjacent to a gas pump" and "it appeared to me that he was getting ready to fuel his car." (Id. at 52). The second hearing also revealed that, contrary to his earlier testimony, Officer Schools wrote a report of the stop of Rodriguez's vehicle. (Compare Doc. 50, at 17 with Doc. 86, at 11-18).

In the second hearing, Officer LeVan testified that he conducted two vehicle stops in the hour prior to the stop of Rodriguez's vehicle, contrary to his earlier testimony when he only described one stop. (Compare Doc. 50, at 74-77 with Doc. 86, at 48-51). Officer LeVan testified that he could not recall whether Officer Schools stopped to speak with Officer LeVan during both traffic stops or only the first. (Doc. 86, at 51). In contrast, Officer Schools testified in both hearings that he stopped to speak with Officer LeVan during his first traffic stop on the way to the Royal Mart and that he also stopped by after Officer LeVan had cleared the second traffic stop. (Doc. 86, at 31-33, 40). Rodriguez filed a supplemental brief in support of his suppression motion on April 30, 2013. (Doc. 89). The government filed an opposition brief (Doc. 90) on May 6, 2013.

## II.    Discussion

Rodriguez asserts that, in light of the new evidence establishing inconsistencies in the testimony of Officers Arlon Schools and Jeffrey LeVan, the court should not credit their testimony, and should grant Rodriguez's suppression

motion.[1]  At a suppression hearing the court determines the credibility of the

witnesses, and it may accept or reject any or all of a witness's testimony.  United

States v. Murphy, 402 F. Supp. 2d 561, 569 (W.D. Pa. 2005).  The court determines a

witness's credibility based on a number of factors, including "the witness's ability to

accurately recollect the matters at hand," the extent to which the testimony is

corroborated or contradicted by other evidence, and whether the testimony

"withstands a common sense test of reason and logic."  Id.

Rodriguez asserts that Officer Schools and Officer LeVan deliberately

misrepresented Officer Schools's reasons for being in Highspire at the time he

encountered Rodriguez.  Rodriguez contends that Officer Schools "intentionally

---

[1] Rodriguez also attempts to revisit the jurisdictional issue previously litigated and resolved by the court.  These arguments are not based on any new evidence and are therefore untimely.  Moreover, the controlling inquiry for application of the exclusionary rule is not whether Officer Schools violated state law by acting outside his jurisdiction, but whether the seizure was unreasonable under the Fourth Amendment.  Courts have consistently held that simply because an arrest or investigatory stop occurred outside the police officer's jurisdiction does not render the seizure *per se* unreasonable.  See United States v. Sed, 601 F.3d 224, 228-29 (3d Cir. 2010) (affirming the district court's denial of defendant's motion to suppress and reasoning that the Pennsylvania officers' arrest of the defendant in Ohio was reasonable because the officers possessed probable cause); Schultz v. Hughesville Borough, No. 10-0262, 2011 WL 3273076, at *11 (M.D. Pa. July 29, 2011) ("An arrest outside a police force's jurisdiction fails to assert a constitutional claim unless the arrest is without probable cause."); United States v. Johnson, Civ. A. No. 09-501, 2010 WL 2136551, at *3 (E.D. Pa. May 26, 2010) ("A violation of the MPJA simply does not equal a violation of constitutional rights."); McDonald v. Darby Borough, Civ. A. No. 07-4588, 2008 WL 4461912, at *3 (E.D. Pa. Oct. 3, 2008) (same); United States v. Atwell, 470 F. Supp. 2d 554, 572 (D. Md. 2007) (same).  Rodriguez does not assert that the stop of his vehicle was otherwise unreasonable under the Fourth Amendment.  Hence, this contention, even if properly supported, does not compel the exclusion of any evidence acquired as a result of the stop.

fabricated an alibi" to obfuscate his active patrol of Highspire Borough and that

Officer LeVan consistently corroborated his testimony. (Doc. 89, at 17).

The inconsistencies and lapses in memory regarding Officer Schools's

actions prior to the stop of Rodriguez are somewhat troubling, but the court does

not believe that either officer deliberately misrepresented their actions or

intentionally provided false testimony. In fact, the government indicates that

Officer Schools was the individual who alerted the parties to the fuel purchase

receipt and his report of the stop. (Doc. 90, at 13). Officer Schools testified that he

often visits Royal Mart during his shifts to either refuel or purchase coffee and food.

(Doc. 86, at 9-11). It is apparent to the court that Officer Schools's inaccurate

testimony, which was given over a year after the events in question, was based upon

his everyday work habits; this is not indicative of deliberate misrepresentation.

Nevertheless, in light of the inconsistencies, it is equally apparent to the court that

the officers' testimony is unreliable as it relates to the precise sequence of events

leading up to Officer Schools' initial observations of Rodriguez.

As a result of the after acquired evidence, the court finds the officers'

testimony partially credible. The court is compelled to discredit the officers'

testimony, but only with respect to the previous traffic stops and Officer Schools's

reason for being in Highspire. To be clear, the court will continue to credit the

officers' testimony with respect to the subject traffic stop. This revised credibility

determination does not affect the court's overall legal analysis. Notably, the parties

have not identified any significant inconsistencies in the officers' testimony

regarding their observations of Rodriguez before and during the stop of his vehicle. Officer Schools clearly observed Rodriguez's erratic driving within Highspire and communicated his observations to Officer LeVan. Officer LeVan testified consistently to his observations of Rodriguez during the traffic stop.[2] The officers' inability to accurately recall mundane details before a significant arrest does not compel the court to reject their testimony in its entirety, especially given the clarity of their testimony as it relates to the traffic stop.

## III.  Conclusion

For the foregoing reasons, the court will confirm its denial of Rodriguez's motion (Doc. 21) to suppress. An appropriate order follows.

　　　　　　　　　　　　　　　S/ Christopher C. Conner
　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　United States District Judge


Dated:　　　May 29, 2013

---

[2] Rodriguez cites to alleged inconsistencies between Officer LeVan's testimony and a video of the traffic stop. Rodriguez questions Officer LeVan's statement that Rodriguez failed the field coordination exercises because "the surveillance video clearly depicts Rodriguez performing the test with no difficulty at all." (Doc. 89, at 6). Rodriguez also states that Officer Levan's inability to correctly identify the name and gender of the owner of Rodriguez's car negatively affects his credibility. (Doc. 89, at 19). These arguments are not based on any new evidence. They are also meritless. The surveillance video is of poor quality but it clearly shows Rodriguez's confusion and difficulty performing portions of the field coordination exercises. Additionally, based on the audio from the surveillance video, Rodriguez did not clearly state the car owner's name. Officer LeVan's confusion regarding whether the owner's last name was "West" or "Winston" is understandable, particularly in light of defense counsel's confusion during the second hearing. (Doc. 86, at 82 (referring to the last name of the owner as "Weston" and "Winston.")).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 1:12-CR-0005** |
| | **:** | |
| **v.** | **:** | **(Judge Conner)** |
| | **:** | |
| **DANIEL RODRIGUEZ** | **:** | |

## <u>ORDER</u>

AND NOW, this 29th day of May, 2013, upon consideration of the motion to suppress evidence (Doc. 21) filed by counsel for defendant Daniel Rodriguez, and upon further consideration of defendant's supplemental brief (Doc. 89) filed after the court re-opened the record to consider after acquired evidence, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to suppress (Doc. 21) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge